SHAW, Justice
(concurring specially).
I concur. I write specially to note the following, which I discuss not as an independent theory on which to. decide this case, but simply as a broader discussion of the facts presented here.
There are two chains of title to two different estates. One chain shows a transfer of a mineral estate only. This is the chain claimed by the appellant, Simmons Group, LTD (“Simmons”). The other, with some aberrations, shows a transfer of a surface estate. This is the chain claimed by the appellees. The evidence before us tends to explain how these two chains came into being.
We have evidence indicating that John Landon received the property from the United States. We have an agreement dated 1871 indicating that a later Landon, Nancy, agreed to transfer the property to her daughter, Luiza Taylor. In 1883, another Taylor, Elizer, transferred the mineral estate to Simmons’s predecessor in title. Then, there is the 1887 deed by R.A, Baker and J.A. Baker conveying the property to A.H. Johnston; the nature of the interest they owned is not clear. However, in 1898, Johnston conveyed the surface rights of the property to William M. Wallace. Thus, we see Taylors receiving the property from Landons, and then Taylors selling the mineral estate. Subsequent history shows that the mineral estate and the surface estate were being separately transferred.
All of this appears to help explain what happened: The Landons transferred the property to the Taylors, and the surface estate and mineral estate were subsequently transferred separately by the Tay-lors. We have some evidence confirming or *341 tending to confirm those transfers, but records showing other transfers were lost in the 1877 fire that destroyed the Walker County courthouse. Nevertheless, we do have some explanation as to how the two chains of title exist, and it tends to confirm the holding that results in this case by the application of the rule in Whitehead v. Hester, 512 So.2d 1297 (Ala. 1987).